UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PERRY HOLLAND                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO. 3:12CV472 DPJ-FKB

THE CITY OF JACKSON, MISSISSIPPI,
REBECCA COLEMAN, IN HER OFFICIAL AND
INDIVIDUAL CAPACITIES, ERIC SMITH, IN
HIS OFFICIAL CAPACITY, ET AL.                                                      DEFENDANTS

ORDER

This § 1983 action is before the Court on Plaintiff's motion to remand [9] the case to the

Circuit Court of Hinds County, Mississippi.  Perry Holland filed this suit in state court against

the City of Jackson and members of the Jackson Police Department as a result of being shot in

the leg in the parking lot of a local restaurant and lounge.  In his Complaint [1-3], he alleges

claims of excessive force, false arrest, deprivation of property without due process, and failure to

intervene in violation of his civil rights under 42 U.S.C. § 1983.  He also alleges state–law

claims of false arrest, reckless disregard, gross negligence, assault, battery, and negligent and

intentional infliction of emotional distress.  Defendants removed the case to this Court, noting

the presence of a claim "arising under the laws of the United States."  Notice of Removal [1] at

2.

Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which

the district courts have original jurisdiction, may be removed by the defendant or the defendants,

to the district court of the United States for the district and division embracing the place where

such action is pending."  Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States."  "Whether a claim arises under federal law is a question determined by reference to the

plaintiff's 'well-pleaded complaint.'" *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005) (internal citations omitted).

Holland's Complaint clearly contains claims arising under § 1983, thus Defendants' removal was proper. *Cervantez v. Bexar Cnty. Civil Serv. Com'n*, 99 F.3d 730, 733 (5th Cir. 1996) ("[T]here is no question that section 1983 cases filed in state court may be removed to federal court because they are cases that could have originally been filed in federal court."). Plaintiff's argument that the state court has concurrent jurisdiction with federal courts over § 1983 claims is irrelevant. Finally, the Court sees no basis for declining supplemental jurisdiction. 28 U.S.C. § 1367(c).

As such, the Court finds Plaintiff's motion to remand [9] should be denied.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE