IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PERRY HOLLAND                                                              PLAINTIFF

v.                                                   CIVIL ACTION NO.: 3:12cv472-DPJ-FKB

THE CITY OF JACKSON, MISSISSIPPI, ET AL.                      DEFENDANTS

ORDER

This § 1983 action is before the Court on the motion of Defendant Rebecca Coleman, in

her individual capacity, for dismissal premised on qualified immunity [56].  Coleman, the Chief

of Police for the Jackson Police Department, contends that the Complaint fails to state a

supervisory liability claim against her under § 1983.  The Court, having considered the

memoranda and submissions of the parties, agrees and finds that Chief Coleman's motion should

be granted.

I.        Factual Background

This case arises from Plaintiff Perry Holland's allegation that JPD Officer Marcus

Dobson shot him in the leg during an incident at the Birdland Restaurant and Lounge.  According

to Holland, he was present in the parking lot at 3:00 a.m. when a fight broke out.  JPD officers

arrived, and Officer Dobson told Holland to put his hands in the air.  Holland complied, but

"[s]uddenly and without warning, Marcus Dobson shot [him] in the leg." Compl. ¶ 19.  Holland

was charged with being a felon in possession of a firearm, but those charges were later dropped.

Holland sued the City of Jackson; Police Chief Rebecca Coleman, individually and in her

official capacity; Detective Eric Smith, now deceased, individually and his official capacity; and

Officer Marcus Dobson, alleging violations of 42 U.S.C. § 1983 and state-law tort claims.[1]

Though not directed at specific Defendants, Holland's federal claims include excessive force, false arrest, deprivation of property without due process, and failure to intervene.   Chief Coleman was not personally involved in the incident, but Holland alleges that she is liable as a supervisor for failing to prevent the shooting.  Pl.'s Resp. [62] at 4.

In the instant motion, Chief Coleman seeks dismissal of the claims against her individually on the basis of qualified immunity and the Mississippi Tort Claims Act.  The Court has considered the motion and Holland's opposition, has personal and subject-matter jurisdiction, and is prepared to rule.

II.     Procedural Basis for Defendant's Motion

As an initial point, the procedural basis for Chief Coleman's motion is confusing.  When she filed her motion, it was unclear—to Plaintiff and the Court—whether she moved to dismiss pursuant to Rule 12(b)(6) or for summary judgment pursuant to Rule 56(a).  Defendant titled her motion "Immunity-Based Motion to Dismiss," and stated that it was filed "pursuant to the Federal Rules of Civil Procedure."  Def.'s Mot. [57] at 1.  But she referenced no specific rule and failed to discuss the applicable standard.  Her Memorandum likewise failed to identify the rule supporting her motion.  And while a motion to dismiss would fall under Rule 12(b)(6), Chief Coleman attached several items of record evidence suggesting that the motion was based on Rule 56(a).

---

[1] Holland's claims against Detective Smith individually were dismissed.  Plaintiff does not specify in his Complaint whether he sued Officer Dobson in his individual or official capacity.

2

Holland assumed in his response that Chief Coleman had moved pursuant to Rule 12(c) and insisted that a motion under Rule 12(c) "must be treated as one for summary judgment under [R]ule 56." Pl.'s Resp. at 2. But Holland's argument conflicts with Rule 12(d), which provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and *not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). According to the Fifth Circuit, "a district court [has] 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with'" a Rule 12(b)(6) or 12(c) motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969)) (citing *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414–15 (5th Cir. 1980)).

Chief Coleman clarified the issue somewhat in her rebuttal, stating that she sought dismissal under Rule 12(b)(6) and cautioning the Court to "not look beyond the four corners of the plaintiff's pleadings." Def.'s Rebuttal [66] at 5. In other words, she encouraged the Court to ignore her evidentiary submissions. Having reviewed those submissions, the Court concludes that Chief Coleman's motion should be construed as seeking dismissal pursuant to Rule 12(b)(6) as she now contends.[2] The Court's review is therefore limited to the allegations in the Complaint. Any invitation to convert the motion to a motion for summary judgment is declined,

---

[2]The decision to apply Rule 12(b)(6) as Chief Colman requests rather than Rule 12(c) has no impact because "[a] Rule 12(c) motion 'is subject to the same standards as a motion to dismiss under Rule 12(b)(6).'" *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381 (5th Cir. 2013) (citing *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209–10 (5th Cir. 2010)).

3

and the evidentiary submissions presented by Chief Coleman will not be considered.  Finally,

applying Rule 12(b)(6) moots Holland's request for additional discovery under Rule 56(d).[3]

III.    Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as

true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v.*

*Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188

F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)."  *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.

Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id*. at

1950 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a

reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."

---

[3]The Rule 56(d) request was, in any event, deficient for lack of a separately-filed motion
under Uniform Local Rule 7(b)(3)(C) and lack of a specific basis for the relief.  *See Washington
v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (affirming denial of Rule 56(d) motion
and noting that "nonmovant may not simply rely on vague assertions that discovery will produce
needed, but unspecified, facts"); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)
(same).

4

*In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

IV.     Analysis

    A.     Qualified Immunity

Coleman seeks qualified immunity as to Holland's § 1983 claims against her in her individual capacity.  Qualified immunity is a shield from individual liability for "'government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "[P]laintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense." *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). "Further, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Id.*

"Qualified immunity protects government officials from money damages unless a plaintiff shows: (1) the official violated a statutory or constitutional right; and (2) the right was clearly established at the time of the challenged conduct."  *Khan v. Normand*, 683 F.3d 192, 194 (5th Cir. 2012) (citing *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011)).   "The clearly established part of the test is a high bar for a plaintiff to meet as he must show that 'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates a right.'" *Batiste v. Theriot*, 458 F. App'x 351, 354 (5th Cir. 2012) (quoting *Anderson*, 483 U.S. at 640).  "An officer is entitled to qualified immunity even if [she] violated a constitutional right, so long as her actions were objectively reasonable." *Id.* (citing *Spann v.*

5

*Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993)).  "Unless all reasonable officers in the defendants'

circumstance would have known that the conduct in question violated the constitution, the

defendant is entitled to qualified immunity."  *Id.* (citing *Thompson v. Upshur Cty., Tex.*, 245 F.3d

447, 457 (5th Cir. 2001)).

Turning then to § 1983, that statute "does not create vicarious or respondeat superior

liability."  *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (citing *Monell v. New York City

Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  But a supervisor can be held liable if (1) she

"affirmatively participates in the acts that cause the constitutional deprivation" or (2) she

"implements unconstitutional policies that causally result in the constitutional injury."  *Wernecke

v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009).  And for supervisors to be liable for constitutional

violations committed by subordinate employees, the supervisors must "act, or fail to act, with

deliberate indifference to violations of others' constitutional rights committed by their

subordinates."  *Atteberry v. Nocona Gen. Hosp.*, 460 F.3d 245, 254 (5th Cir. 2005).  "Deliberate

indifference in this context describes a state of mind more blameworthy than negligence."  *Id.*

(quotations and citations omitted).

B.     Holland's Allegations

Looking to the allegations of the First Amended Complaint, it first bears noting that Chief

Coleman is only mentioned by name once—in section II, "Parties," where Holland identifies the

individual defendants.[4]  Holland generally describes her as "directly responsible for overseeing

the administration of the Jackson Police Department."  Compl. ¶ 10.  Holland makes no

---

[4] There are  two section II's in the Complaint.

suggestion that Chief Coleman was personally involved in the shooting, and he never alleges any specific wrongdoing as to her.

Holland's Response to Chief Coleman's motion does little to clarify his allegations.  In it, he provides the general law regarding supervisory liability under § 1983, but makes only two laconic references to the specific claims against Chief Coleman.  First, he states that the "First Amended Complaint alleged sufficient facts to lead the court to believe that Coleman, as a supervisor, is liable for her failure to prevent conduct."  Resp. [62] at 4.  He then argues, "Plaintiff has plead [sic] sufficient facts and cause of action to support their [sic] assertion that Coleman was liable for failing to [i]ntervene."  *Id*. at 5 (citing First Amended Complaint). Holland offers no other indication as to how the First Amended Complaint states a claim.

Neither of these vague and conclusory assertions directs the Court to averments in the First Amended Complaint that would survive a Rule 12(b)(6) motion based on qualified immunity.  As noted above, there is no respondeat superior liability.  Chief Coleman's mere status as a supervisor is not, therefore, sufficient to impose liability, *Monell*, 436 U.S. at 691, and there are no other factual averments that would establish supervisory liability.  As for the failure-to-intervene claim, Holland never contends that Chief Coleman was present at 3:00 a.m. on June 6, 2011, at the Birdland Restaurant and Lounge.  *See generally* First Amend. Compl.  Absent her presence, Chief Coleman is not liable on a failure-to-intervene claim.  *Cf. Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) ("[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983.").

In sum, Holland's Response fails to identify any averments in the First Amended Complaint that would establish Chief Coleman's liability.  And an independent review of the First Amended Complaint revealed nothing other than vague allegations and threadbare recitals of the elements.  The motion should therefore be granted as to the § 1983 claim.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Martin v. Dallas Cnty., Tex.*, 822 F.2d 553, 556 (5th Cir. 1987) ("In this circuit, a plaintiff must allege specific facts to support a violation of his constitutional rights by a named defendant to overcome a defense of qualified immunity." (citing *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985)); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("But nowhere in this pleading does the plaintiff cite any conduct (or specific omissions) that would causally link the defendants to decedent's death.  In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged.").

C.     State Law Claims

Chief Coleman also moved to dismiss Holland's state-law claims against her in her individual capacity, relying on the Mississippi Tort Claims Act.  Miss. Code Ann. § 11-46-1, *et. seq*.  The MTCA provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."  *Id.* § 11-46-7(2); *see also Wilson v. City of Biloxi, Miss.*, Civil Action No. 1:11cv126 HSO-JMR, 2013 WL 2244309, at * 2 (S.D. Miss. May 21, 2013) (dismissing individual capacity claims against police officers).  Holland did not respond to this argument, so the Court concludes that he has abandoned any state-law claims against Coleman in her individual capacity.  *See Black v. N. Panola Sch. Dist.*,

461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the] complaint constituted abandonment."). And if not, the Court finds that dismissal is appropriate based on section 11-46-7(2).

IV.     Conclusion

For the foregoing reasons, the Court finds that Coleman's motion to dismiss should be granted. Holland's claims against Coleman in her individual capacity are dismissed without prejudice.[5] The stay of this matter is lifted. The parties are instructed to contact the magistrate judge within two weeks of this order to set the case for a status conference. The magistrate judge may then consider entering a revised case management order, if necessary.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[5] Because the dismissal is pursuant to Rule 12(b)(6) and based solely on the allegations in the Complaint, the Court finds dismissal without prejudice is appropriate. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted).

9