UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PERRY HOLLAND                                                                        PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:12CV472 DPJ-FKB

THE CITY OF JACKSON, MISSISSIPPI, ET AL.                          DEFENDANTS

ORDER

This civil-rights case is before the Court on Plaintiff Perry Holland's Motion for

Summary Judgment [98].  Defendants responded in opposition [100], and Plaintiff declined to

reply.  Having fully considered the parties' submissions, the Court concludes that Plaintiff has

not established a right to recovery as a matter of law.

I.        Background

Defendant Marcus Dobson, an officer with the Jackson Police Department, shot Plaintiff

Perry Holland in the leg on June 5, 2011, at the Birdland Restaurant and Lounge.  The injury was

non-fatal.  Holland now seeks recovery pursuant to 42 U.S.C. § 1983 for alleged violation of his

Fourth, Eighth, and Fourteenth Amendment rights.

II.        Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure

when evidence reveals no genuine dispute regarding any material fact and that the moving party

is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323.  As the amended version of Rule 56(c) now makes clear,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(c)(3) further states that the "court need consider only the cited materials . . . ."  Once the movant meets these burdens, the nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citation omitted).

III.    Analysis

Holland offers six pages of facts, some of which he claims are undisputed.  But he never cites the "particular parts" of the record supporting the factual assertions.  As for the allegedly undisputed facts, Holland collectively cites "Defendant [Marcus Dobson]'s failure to timely respond to Plaintiff [sic] Request for Admissions," and then attaches the discovery request to his motion.  Pl.'s Mot. [98] at 7.  Plaintiff filed no separate memorandum of law as required by Uniform Local Rule 7(6)(4), requesting instead leave from the rule due to the "simple nature of this motion . . . ."  *Id*. at 8.  He therefore offered no legal analysis to support his arguments.

2

The Court concludes that Holland has failed in his burden under Rule 56(c).  First, he has not briefed his legal arguments sufficiently to demonstrate a right to relief.  Second, he has not cited the "particular parts of the record."  Third, Holland has failed to demonstrate that the requests for admissions he attached to the motion should be deemed admitted under Rule 36(a)(3).  Those discovery requests reflect a service date of February 4, 2013, and the docket confirms that date.  *See* Notice of Service [50].  But before responses were due, the Court stayed discovery other than discovery related to another defendant's claim for qualified immunity.  *See* Feb. 26, 2013 Text Order.  Shortly after the stay was lifted, Holland again served the requests for admissions on Dobson, *see* Notice of Service [72], and received a timely response on October 4, 2013.  *See* Notice of Service [78].  Holland has not met his burden of directing the Court to record evidence demonstrating that the facts he asserts cannot be disputed.[1]

IV.     Conclusion

The Court has fully considered the parties' submissions.  Those issues not directly addressed would not have altered the decision.  For the reasons stated, Plaintiff's Motion for Summary Judgment is DENIED.  Defendants' request for attorneys fees was not submitted in a separate motion as required by Uniform Local Rule 7(b)(C)(3), and is DENIED.

**SO ORDERED AND ADJUDGED** this the 22nd day of January, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1]The City responded to the discovery on Dobson's behalf believing that he had been sued in only his official capacity.  Whether Dobson was sued individually is not clearly stated in the Complaint, but Holland has never moved to compel additional responses.